JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 17-00920 SJO (JCx)     **DATE:** March 23, 2017

**TITLE:** Klaus Pachmann v. Shasta Beverages, Inc., et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                 Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER SUA SPONTE REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES**

This matter is before the Court on its own motion. On December 8, 2016, Plaintiff Klauss Pachmann ("Plaintiff") filed the action in the Superior Court of California for County of Los Angeles. (*See generally* Notice of Removal ("Removal") ¶ 2, Ex. 3 Compl. ("Compl."), ECF No. 1-4.) Plaintiff alleges that he is a 54-year old disabled male who had been employed at Defendant Shasta Beverages, Inc.'s ("Defendant") production facility in La Mirada, California since 1993 as a maintenance mechanic, and that he was terminated on or about January 15, 2016 due to his disability and/or for having requested an accommodation for his disability. (Compl. ¶ 10.) Plaintiff alleged the following claims against Defendant: (1) wrongful termination in violation of public policy; (2) retaliation in violation of Fair Employment and Housing Act; (3) discrimination on the basis of disability; (4) failure to accommodate disability; (5) failure to engage in interactive process; and (6) intentional infliction of emotional distress.[1] (*See generally* Compl.) Defendant removed the action to this Court on February 3, 2017 on the basis of diversity jurisdiction, pursuant to 28 U.S.C. section 1332. (Removal ¶ 3.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction

---

[1] The Complaint was originally brought against Defendant and Chris Weddle ("Weddle"). Pursuant to the parties' joint stipulation, filed March 3, 2017, Weddle was dismissed with prejudice on March 8, 2017. (ECF No. 15.)

MINUTES FORM 11
CIVIL GEN                                Page 1 of 2                       :
                                                  Initials of Preparer

CASE NO.: <u>CV 17-00920 SJO (JCx)</u>   DATE: <u>March 23, 2017</u>

means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a).

Diversity jurisdiction exists when "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where there is doubt, the case should be remanded to state court. *Matheson*, 319 F.3d at 1090 (footnote omitted).

Here, it is undisputed that there is complete diversity between the parties. (*See* Removal ¶¶ 6-7.) Plaintiff seeks loss of earnings, deferred compensation, overtime and other employment benefits, but it is not facially evident from the Complaint that the controversy involves more than $75,000. (*See* Compl. 16; Removal ¶ 11.) Defendant contends that Plaintiff would have earned $69,474.40 in straight time pay based on a 40-hour workweek and his $31.06 hourly pay. (Removal ¶ 12.) Defendant also contends that Plaintiff's claimed employment benefits total $11,456.38: a medical contribution of $950.58 per month for at least 11 months and an annual 401k contribution of $1,000 per year. (Removal ¶ 13.) Defendant provides these amounts without any evidence; furthermore, these amounts were provided in the notice of removal, not by way of a supporting declaration. As such, Defendant has not shown that Plaintiffs' amount in controversy more likely than not exceeds $75,000.

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. This action shall close.

IT IS SO ORDERED.